UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLOTTE NAVATIER, <br><br> Plaintiff, <br><br> v. <br><br> CAREONE, CAREONE AT MORRIS ASSISTED LIVING, CAREONE LLC, DARREN SEISE, CATHERINE OLEXA, and DONNA MOGER, <br><br> Defendants. | **Civil Action No. 13-03992 (SRC)** <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

This matter is before the Court upon the Court's own Order To Show Cause why the action should not be remanded to the Superior Court of New Jersey, Law Division, Morris County. [Docket Entry 14.] Defendants Care One LLC, Care One at Parsippany Troy Hills d/b/a Care One at Morris Assisted Living, LLC ("Care One Morris"), Darren Seise, Catherine Olexa, and Donna Moger (collectively, "Defendants") have submitted a response opposing remand. [Docket Entry 15.] For the foregoing reasons, the Court cannot satisfy itself that there is federal subject matter jurisdiction over this case and will therefore remand the action to the Superior Court of New Jersey.

**I. Background**

This lawsuit, originally filed in the Superior Court of New Jersey, contains four state law causes of action: (1) retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. §§ 34:19-1 to -14; (2) tortious interference with

contract; (3) intentional infliction of emotional distress; and (4) defamation *per se*. In brief, the Complaint alleges that Plaintiff Charlotte Navatier ("Plaintiff") was terminated by her employer, a nursing home in Parsippany, New Jersey called Care One Morris, in retaliation for complaints Plaintiff made to her superiors regarding treatment of residents there. Plaintiff weaves into her Complaint numerous references to federal law. For instance, Plaintiff alleges that Defendants' actions surrounding her termination – including preventing Plaintiff from getting "necessary paperwork signed for Medicaid" and "refusing to send out COBRA[1] [medical] insurance" to prevent a gap in Plaintiff's coverage – were so "extreme and outrageous" that Plaintiff suffered severe emotional distress. (See Compl. ¶¶ 77, 79, 82, 85.) Furthermore, the Complaint alleges that post-termination Plaintiff applied for a position with a competitor to Care One Morris but did not receive a job offer because Defendants "[Darren] Seise and CareOne informed the president of that company that . . . the Plaintif violated HIPAA[2] laws [while employed] at CareOne." (Id. ¶ 92.)

Defendants' notice of removal, filed on June 27, 2013, asserts 28 U.S.C. § 1331 as a basis for federal jurisdiction. Defendants theorize that the state court Complaint, by referencing the various federal statutes set forth above, raises sufficient "federal questions" to warrant exercise of this Court's "arising under" jurisdiction. (See Notice of Removal ¶ 7.) The Notice of Removal points to the IIED cause of action in particular as one that raises questions of federal law. (See id.) Plaintiff has not contested removal in this case; indeed, Defendants have filed a partial motion to dismiss [Docket Entry 7], to which the Plaintiff has submitted an opposition

---

[1] The Court understands "COBRA" as used in this context to refer to insurance provided pursuant to the Consolidated Omnibus Reconciliation Act, codified in part at 29 U.S.C. §§ 1161 to 1169.
[2] HIPAA presumably refers to the federal Health Insurance Portability and Accountability Act, codified in part at 29 U.S.C. § 1181.

[Docket Entry 11.]

During the pendency of Defendants' motion, however, the Court's independent review of the Complaint and Notice of Removal indicated that the Court could not satisfy itself that federal subject matter jurisdiction over this action was present. See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005). Accordingly, the Court issued an Order To Show Cause why the lawsuit should not be remanded to the Superior Court of New Jersey for want of jurisdiction. [Docket Entry 14.] Defendant has submitted a letter application opposing remand. [Docket Entry 15.] Plaintiff has failed to submit a response to the Order To Show Cause.

## II.  Discussion

Federal courts are, of course, courts of limited jurisdiction. "Subject matter limitations on federal jurisdiction serve institutional interests . . . [by keeping] the federal courts within the bounds the Constitution and Congress have prescribed." Ruhrgas AG v. Marathon Oil Co., 526 574, 583 (1999). To that end, subject matter jurisdiction cannot be waived or consented to, and "subject-matter delineations must be policed by the courts on their own initiative . . . ." Id. In cases like the present one, where a state court action has been removed to federal court pursuant to 28 U.S.C. § 1441, the jurisdictional inquiry is particularly searching. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) ("removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand" (quotation and marks omitted)). The burden rests with the removing party to demonstrate that federal jurisdiction exists over the action. Samuel-Bassett v. KIA Motors Am. Inc., 357 F.3d 392, 396 (3d Cir. 2004).

The Court finds that Defendants have not met their burden here, and "it appear[ing] that

the . . . [C]ourt lacks subject matter jurisdiction, the case shall be remanded." See 28 U.S.C. § 1447(d). The Court's Order To Show Cause, picking up on the phrase "federal questions exist with regard to [the IIED count]," assumed that Defendants were invoking "arising under" jurisdiction on the grounds that the IIED claim "necessarily raise[d] a stated federal issue [that is] actually disputed and substantial . . . ." See Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005). The Court's Order, noting that a Grable theory bestows subject matter jurisdiction on only a "special and small category" of cases, see Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006), informed both parties that neither the allegations of the Complaint nor the Notice of Removal demonstrated that the so-called "implicates significant federal issues" test had been met here. See Treasurer of New Jersey v. U.S. Dep't of Treasury, 684 F.3d 382, 403 (3d Cir. 2012) (quoting Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011)).

Defendants' response to the Order to Show Cause, however, does not address Grable or the significant federal issues test at all. Instead, Defendants argue that based on their review of the Complaint, "it appeared that Plaintiff . . . was alleging violations of the Social Security Act . . . [ERISA] . . . and/or [HIPAA] . . . even though [Plaintiff] did not specifically identify" such causes of action. [See Docket Entry 15.] Based on this reading of the Complaint, Defendants assert that the Court, for reasons of equity and efficiency, should retain jurisdiction over this action until Plaintiff clarifies whether or not she is in fact asserting federal causes of action.

There is no merit to this argument. Plaintiff is under no obligation to amend her state court Complaint to clarify for either Defendants or this Court what, if any, federal claims she is raising or might at some point raise. Indeed, it would be inappropriate in the context of a 28

4

U.S.C. § 1441 analysis to require Plaintiff to do so, as it is Defendants' burden to demonstrate a federal jurisdictional basis to the Court. Moreover, insofar as it appears to Defendants that the Complaint raises causes of action under the various federal statutes referenced throughout, the Court cannot agree. The Court reads the Complaint to allege no more than a CEPA violation and three state law torts. Stating, as Plaintiff does, that CareOne Morris intentionally inflicted emotional distress by preventing Plaintiff from signing Medicaid paperwork or withholding COBRA insurance simply does not imply that Plaintiff is suing for Social Security Act or ERISA violations. (See Compl. ¶¶ 77, 79.) Likewise, it is readily apparent that the reference to HIPAA law violations in the defamation *per se* claim describes the allegedly false and defamatory statements made by Defendants, not some type of claim under HIPAA. (See id. ¶ 92.) In short, nothing on the face of the Complaint intimates a federal dispute in a manner sufficient to implicate this Court's 28 U.S.C. § 1331 "arising under" jurisdiction.

The Court will also briefly clarify why the Complaint and Notice of Removal cannot satisfy the "implicates significant federal issues" test as an alternative basis of "arising under" jurisdiction. Grable – the leading contemporary Supreme Court case on the issue of jurisdiction over state law actions that have federal issues embedded within – was a state court quiet title lawsuit in which "the only . . . issue contested" was "[t]he meaning of [a] federal tax provision." See 545 U.S. at 315. On these facts, the Grable Court found that a federal court can exercise § 1331 jurisdiction over a state law claim where the "state-law claim necessarily" raises a "disputed and substantial" "stated federal issue . . . which [the] federal forum may entertain without disturbing" the balance of "federal law and state judicial responsibilities." See id. The Supreme Court so held "principally because of the dominance of significant federal issues in that

5

case." See Treasurer of New Jersey, 684 F.3d at 403.  In contrast, the federal issues that may come up in the context of the IIED and defamation claims in this case are no more than ancillary to those causes of action – the former requiring a fact-based inquiry into Defendants allegedly extreme and outrageous conduct, and the latter focusing on the falsity of the statements made to Care One Morris's competitor and the negligence with which those statements were made.  In short, whether Plaintiff prevails on her IIED or defamation claims turns on proving the elements of those torts, not answering significant issues of Social Security or ERISA law.  Nothing about this lawsuit indicates that it is one of those rare state law actions that raise an issue of federal law sufficient to justify the exercise of federal jurisdiction.  See Empire Healthchoice, 547 U.S. at 699.

It follows that with subject matter jurisdiction lacking here, the Court will remand this lawsuit to the Superior Court of New Jersey.  If Plaintiff should amend her Complaint to affirmatively state a federal cause of action, Defendants will have thirty days from receipt of the amended pleading to file their notice of removal.  See 28 U.S.C. § 1446(b)(3).

Accordingly,

**IT IS** this 19th day of November, 2013,

**ORDERED** that this action be and hereby is **REMANDED** to the Superior Court of New Jersey, Law Division, Morris County, pursuant to 28 U.S.C. § 1447(c); and it is further

**ORDERED** that the Clerk of the Court shall mail a certified copy of this Opinion & Order to the Superior Court of New Jersey; and it is further

**ORDERED** that this case be and hereby is **CLOSED**.

                                                  <u>   s/ Stanley R. Chesler   </u>
                                                  STANLEY R. CHESLER
                                            United States District Judge